IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRENDA RUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  3:05-cv-387-MJR |
| | ) | |
| NORCOLD, INC. and JAYCO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the Motion for Leave to File Third Party Complaint (Doc.8), filed by the defendant, Norcold, Inc., on  July 1, 2005.  Having reviewed the motion, plaintiff's objection, defendant's reply and having heard argument on the matter during the telephonic scheduling and discovery conference held on August 23, 2005, the Motion is **GRANTED.**

This case was removed from state court on June 1, 2005 (Doc. 1).  On June 2, 2005, an answer was filed by defendant (Doc. 5 and 7).  On July 1, 2005 the Motion for Leave to File Third Party Complaint was filed (Doc. 8).

Federal Rule of Civil Procedure 14(a) states in pertinent part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. . . . . Any party may move to strike the third-party claim, or for its severance or separate trial.

This first consideration is whether the motion for third party action is timely.   Rule 14(a) does not require the third-party plaintiff to seek leave of court to file the third party complaint if

it is filed no later than 10 days after serving the original answer.  Otherwise leave of court is required after notice to all parties.  Defendant Norcold filed their motion within 30 days of filing their original answer and prior to the scheduling and discovery conference in this case.  Under the circumstances, the Court finds that the motion for third party action is timely.

Federal Rule of Civil Procedure 14(a) is ". . .designed to avoid circuity of actions and to expedite the resolution of secondary actions arising out of . . .the action originally instituted."  See  Colton v. Swain, 527 F. 2d 296,298 (7th Cir. 1975).   Whether or not to allow defendant to file a third party complaint is left to the sound discretion of the Court and the Court should consider serving the ends of judicial economy.   See May's Family Centers, Inc. v. Goodman's, Inc., 104 F.R.D. 112, 116 (N.D. Ill.1985).  Court's liberally construe Rule 14(a) in the interest of judicial economy.   See Erkins v. Case Power & Equipment Co., 164 F.R.D. 31, 32 (D.N.J.1995).

Plaintiff argues generally that allowing Norcold to file the Third Party Complaint will prejudice plaintiff, unnecessarily complicate and delay the issues in the case, and significantly increase the amount of discovery required, and delay the trial.  Plaintiff has not stated specifically or factually how the filing of the Third Party Complaint would prejudice her or, unnecessarily complicate the issues in the case.  Therefore, the Court finds it appropriate to allow the filing of the third party complaint.

**DATED: September 1, 2005.**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**